IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLAUDE E. DIXON | § | |
| | § | |
| VS. | § | ACTION NO. 4:15-CV-19-O |
| | § | |
| CHRISTOPHER DIXON and | § | |
| SHEREEN DIXON | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Pending before the Court is Defendants Christopher Dixon and Shereen Dixon's Motion for Summary Judgment [doc. 41], filed on May 2, 2016. Having carefully considered the motion, and noting that the Plaintiff wholly failed to file a response, the Court recommends that Defendants' motion be **GRANTED**.

### I. BACKGROUND

On December 29, 2014, *pro se* plaintiff Claude Dixon filed this complaint against Defendants Christopher Dixon and Shereen Dixon, Plaintiff's son and daughter-in-law. In the complaint, Plaintiff alleges that, in early December of 2012, he traveled from his home in California to visit Defendants at their home in Azle, Texas. Plaintiff's Complaint ("Pl.'s Compl.") at 2; *see* Plaintiff's Deposition ("Pl.'s Dep.") at 5, 9-10. Plaintiff had planned to visit Defendants and their children from December 3, 2012 to approximately January 3, 2013. Plaintiff's Deposition ("Pl.'s Dep.") at 9.

In the early morning of December 30, 2012,[1] Plaintiff claims that he woke up and needed to use the restroom, which was located down a short hallway to the right of the doorway to the bedroom in which he was sleeping. Pl.'s Compl. at 5; Pl.'s Dep. at 5. As he proceeded into the

---

[1] The Court notes that, in his Complaint, Plaintiff erroneously stated that the incident happened on November 30, 2012. Pl.'s Compl. at 5.

hallway to head to the bathroom, Plaintiff claims that there was a "caddy" in the hallway. Pl.'s Dep. at 22-25. However, Plaintiff admits that such caddy was not in his way because it was located to the left of the entryway to the bedroom down a short hallway that led into the kitchen. Pl.'s Dep. at 22-25.

On the way back from the bathroom to his bedroom, Plaintiff fell to the ground, which resulted in a serious foot and hip injury. Pl.'s Compl. at 6-7, 11. Plaintiff alleges that he fell because something got caught on his foot that had been behind a sheet that covered an open closet in the hallway to the bathroom. Pl's Dep. at 32-35. Plaintiff said that he kicked his foot as an attempt to dislodge the item, but, after the third kick, he lost his balance and fell on top of the caddy. Pl.'s Dep. at 34-37. Plaintiff argues that the sheet-covered closet was a dangerous condition that resulted in his injuries. Pl.'s Dep. at 37-38. Plaintiff alleges that the item stuck on his foot "appeared to be some sort of a lampshade," which was hidden behind the sheet covering the closet. Pl.'s Dep. at 38.)

Plaintiff states that he was aware of the open, but covered, closet and touched the sheet, which he originally thought was covering the drywall, and even used the sheet as a guide (but not as support) as he made his way back to the bedroom. (Pl.'s Dep. 32-36, 42-45, 83.) Plaintiff also testified that there were no objects sticking out from behind the sheet or any other items protruding from behind the wall and he had previously noticed that there was about one inch at the bottom of the sheet that was open. (Pl.'s Dep. 42, 90.) Plaintiff further states that he did not fall or lose his balance because of the sheet or change in surface and that the closet with the sheet covering the open door had existed in that same state for the duration of Plaintiff's visit and remained unchanged during the entire month of December 2012. Pl.'s Dep. 33-34, 42-45. As a

result of the accident and hip injury, Plaintiff brought this suit against Defendants, alleging causes of action for negligence and premises liability. Pl.'s Compl. at 8-14.

## II. LEGAL STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is **required** to consider only the cited materials, it **may** consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 'does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.' *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the

nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III. ANALYSIS

### A. Negligent Activity Claim vs. Premises Liability Claim

In their motion for summary judgment, Defendants argue that the owner of a property may be subject to liability in two situations: (1) when injuries arise from an activity on the premises (negligent activity) or (2) when injuries arise from a premises defect or a condition of the premises (premises liability). Defendant's Memorandum in Support of Motion for Summary Judgment ("Defs.' Br.") at 4. Defendants claim that, while both theories are based on negligence, there is no separate negligence cause of action. *Id.* Defendants argue that Plaintiff's negligent activity claim fails as a matter of law because there is no evidence that the injury was the result of conduct occurring at the time of the injury, which is required under the negligent activity claim. *Id.* Defendants also argue Plaintiff's premises liability claim fails because Defendants did not breach a duty to Plaintiff in his capacity as a licensee and there is no evidence of proximate cause. Defs.' Br. at 4-10.

As noted by Defendants, under Texas Law,[2] the owner of private property may be subject to liability for failing to keep the premises safe in two situations: (1) when an injury arises from an activity on the premise (negligent activity) and (2) when an injury arises from a premises defect for an unreasonably dangerous condition on the premises (premises liability). *E.I. DuPont*

---

[2] Texas law governs in this diversity suit. *See* 28 U.S.C. § 1332; *see also* Pl.'s Compl. at 3.

*de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56 (Tex. App—Houston [14th Dist.] 2014, pet. dism'd); *City of San Antonio v. Estrada*, 219 S.W.3d 28, 32 (Tex. App.—San Antonio 2006, no writ).[3] To recover on a negligent activity claim, the Texas Supreme Court has stated that the injury must be "a contemporaneous result of the activity itself rather than by a condition created by the activity." *Estrada*, 219 S.W.3d at 32; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). In other words, if the injury occurred as the result of an "ongoing activity" of the defendant, rather than by a condition of the premises, the claim is classified as a negligent activity claim. *Estrada*, 219 S.W.3d at 32. *See Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 886 (Tex. App.—Beaumont 1992, writ denied). Negligence in the negligent activity context means "simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done." *Timberwalk Apartments*, 972 S.W.2d at 753.

Conversely, a premises defect has been specifically defined as a special type of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the accident occurred. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). If a person is harmed due to a condition of the premises, rather than an action or conduct occurring at the time of the injury, they will be limited to a premises defect cause of action. *Estrada*, 219 S.W.3d at 32. *See City of Houston v. Harris*, 192 S.W.3d 167, 176 (Tex. App.—Houston [14th

---

[3] Because Plaintiff's claim for negligence is based on the same incident and facts as his claim for premises liability, and absent further evidence of negligence, the Court will limit its review to whether Defendant is entitled to summary judgment on claims for negligent activity or premises liability. *See, e.g., Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (reversing and remanding for district court to consider Plaintiff's ordinary negligence claim based on facts that were sufficient to support a stand-alone ordinary negligence claim separate from the premises liability claim); *Medina v. Gap, Inc.*, No. 4:14-CV-1855, 2015 WL 1257795, at *2 (S.D. Tex. Mar. 13, 2015) (noting that, while Plaintiff argues that she specifically pled various acts of negligence, Plaintiff would be limited to a premises liability claim, absent further evidence of negligence, as it appeared Plaintiff's negligence claim was based on exact allegations on which she based her premises liability claim); *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d at 56-57.

Dist.] 2006, no pet.) Negligence in this context means "failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premise condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about." *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992)

"Negligent activity and premises defect are independent theories of recovery." *Estrada*, 219 S.W.3d at 32. The Texas Supreme Court has recognized that negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury," whereas premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010.) The Texas Supreme Court has also specifically rejected attempts to blur the distinctions between premises liability and negligent activity claims. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). A plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197; *see Odom v. Kroger Texas, L.P.*, No. 3:13-CV-0579-D, 2014 WL 585329, at *3 (N.D. Tex. Feb. 14, 2014) (stating that premises liability and negligent activity claims "require different jury instructions, and Texas courts generally treat them as mutually exclusive where the same facts support both claims"); *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012) ("Because [customer] was injured by a hanger on the floor not contemporaneously caused by [Defendant's] activities, [customer] may recover only under a premises liability claim.").

In this case, as stated above, Plaintiff asserts both a premises liability claim as well as a negligence (*i.e.*, negligent activity) claim against Defendants based on the same set of facts. However, because, as set forth above, Plaintiff cannot bring both claims against Defendants based on the same set of facts, the Court must first determine which type of claim Plaintiff has

alleged against Defendants. According to Plaintiff's deposition, there was no action that Defendants were actively engaged in that occurred contemporaneously to Plaintiff's fall. Instead, according to Plaintiff, he was the only person in the hallway the morning of December 30, and that it was his self-prompted movement of violently kicking his foot to dislodge it from being caught on something that caused him to fall on the caddy that had previously been left in the hallway and sustain injuries. (Pl.'s Dep. 24-26, 32-37.) Additionally, in his Complaint, Plaintiff alleges that Defendants created and maintained an "unsafe void in the interior wall containing unrestrained personal items hidden from view by a temporary sheet or cloth of unstable means and allowing said items to be an impediment to the safety of Plaintiff and did contribute to his falling on the already unsafe condition on the floor of the hallway." (Pl.'s Compl. at 12.) In other words, like similar slip-and-fall cases, Plaintiff was allegedly injured by a condition created by an activity of Defendants but not the activity itself. Consequently, Plaintiff can only seek recovery under a premises liability theory. *See, e.g., Garcia*, 896 F. Supp. 2d at 579. Thus, Defendants are entitled to summary judgment on Plaintiff's claim for negligence (as being a negligent activity claim).

### B. **Premises Liability Claim**

"In Texas' premises liability cases based on negligence, any recovery in tort is predicated on the plaintiff[] proving the existence and violation of a legal duty owed to the plaintiff by the defendant." *Lechuga v. S. Pacific Transp. Co.*, 949 F.2d 790, 793 (5th Cir. 1992); *see Scott & White Mem'l Hosp. v. Fair*, 310 S.W. 3d 411, 412 (Tex. 2010.) "A person who enters the property of another will normally be classified as an invitee,[4] a licensee,[5] or a trespasser."

---

[4] "In Texas, there are two types of invitees: public or business." *Navarro-Becker v. U.S.*, 693 F. Supp. 2d 625, 631 (W.D. Tex. 2010). "A public invitee is one who is invited to enter and remain on land as a member of the public for a purpose for which land is held open to the public." *Id.* "A business visitor or invitee is a person who is

7

*Lechuga*, 949 F.2d at 794. "This status is a legal question except when sufficient issues of fact exist to warrant submission to a jury." *Id.*

In this case, Defendants were hosting Plaintiff in their home, as he was visiting Defendants during the month of December 2012 to spend time with them and his grandchildren for the holidays. (Pl.'s Dep. 9-10.) Plaintiff had no "present business relations" that would be mutually beneficial to the owner of the premises and the person on the premises. Consequently, Plaintiff was a licensee as social guests, including a property owner's friends or family, are generally treated as licensees. *See McClure v. Rich*, 95 S.W.3d 620, 624 (Tex. App.—Dallas 2002, no pet.). *See, e.g., Knorpp v. Hale*, 981 S.W.2d 469, 472 (Tex. App.—Texarkana 1998, no pet.) (noting that social guests are treated as licensees).

The duty owed to a licensee is to not injure the licensee by willful, wanton, or grossly negligent conduct and, in cases in which the licensor has actual knowledge of a dangerous condition unknown to the licensee, to use ordinary care to either warn the licensee of the condition or make the condition reasonably safe. *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008); *Chambers v. Kaufman Cnty.*, No. 05–11–00509–CV, 2011 WL 5088651, at *3 (Tex. App.—Dallas Oct. 26, 2011, pet. denied) (mem. op.). In this case, Plaintiff does not plead that Defendants acted willfully, wantonly, or grossly negligent.[6] Thus, to establish premise liability, Plaintiff must present evidence that (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the licensor actually knew of the condition; (3) the

---

invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.*

[5] "Generally, a licensee 'is a person who goes on the premises of another merely by permission, express or implied, and not by any express or implied invitation.'" *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no pet.)

[6] In fact, in his deposition, Plaintiff stated that Defendants "never intended to have [him] fall at their home" and that the Defendants "were trying to give [him] the best of care." Pl.'s Dep. at 42.

8

licensee did not actually know of the condition; (4) the licensor failed to exercise ordinary care to protect the licensee from danger; and (5) the licensor's failure was a proximate cause of injury to the licensee. *State Dept. of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex. 1992); *see also Wyckoff,* 357 S.W.3d at 164; *City of Dallas v. Thompson,* 210 S.W.3d 601, 603 (Tex. 2006) (per curiam).

In this case, Plaintiff claims that the sheet covering the closet in the open hallway was the condition that created an unreasonable risk of harm to Plaintiff.[7] Even assuming that such closet created an unreasonable risk of harm to Plaintiff, the evidence indicates that Plaintiff knew of the condition as well. In his deposition, Plaintiff testified that the sheet-covered open closet in the hallway near the bedroom he was staying in had been there for the entire time of his stay. Pl.'s Dep. at 42. In addition, Plaintiff stated that he knew, from a prior visit, there had been an open space there but thought Defendants had sealed off the opening with drywall and placed the hanging sheet in front of the drywall. Pl.'s Dep. at 42, 45. Plaintiff further stated that he had noticed prior to the falling incident that there was a one inch gap at the bottom of the sheet that was open. Pl.'s Dep. at 42. Because Plaintiff had actual knowledge of the sheet-covered open closet prior to his fall, which is the allegedly dangerous condition about which he complains, he is precluded from recovery. *See King v. Bigler LP,* No. H-10-0580, 2011 WL 6960746, at *4 (S.D. Tex. June 24, 2011) (finding that because the plaintiff-licensee had actual knowledge of the allegedly dangerous trains operating on Defendant's property, including that Plaintiff had made numerous deliveries to the plant, each delivery required Plaintiff to cross the railroad tracks four times, and Plaintiff saw the train on the tracks before he drove into harm's way, Defendant was

---

[7] While there was also a green caddy in the hallway as well as the item that Plaintiff allegedly got his foot stuck on that potentially could have been conditions that Plaintiff claimed created an unreasonable risk of harm to him, Plaintiff specifically states that these items were not dangerous conditions and that he was only complaining about the "Mickey Mouse sheet structure that [Defendants] used to hide this dumpster, garbage dumpster, that they had turned [the closet] into." Pl.'s Dep. at 37-38; *see also* Pl.'s Dep. at 22-25, 32-38; Pl.'s Compl. at 10-12.

entitled to summary judgment); *Wyckoff*, 357 S.W.3d at 165 (holding that, as a matter of law, Defendants did not owe a duty to party guest who fell on stairway leading to wine cellar in home because Plaintiff perceived and had actual knowledge of the allegedly dangerous conditions about which she complained); *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709-10 (Tex. 2003) (per curiam) (finding that Wal-Mart did not have a duty to warn or make the stairway safe because the uncontroverted evidence showed Miller knew before he ascended the stairs that boxes were stacked on the stairway, Miller observed the steps were slippery, and Miller noticed that the boxes obstructed his access to the handrail). Consequently, it is recommended that Defendants also be granted summary judgment on Plaintiff's claim for premises liability.

## RECOMMENDATION

It is recommended that the Defendant's Motion for Summary Judgment [doc. 41] be **GRANTED** on all of Plaintiff's claims against Defendants Christopher Dixon and Shereen Dixon.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AN DCONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. §636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. See 28 U.S.C. §636 (b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error

or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to 14 days).

## ORDER

Under 28 U.S.C. §636, it is hereby **ORDERED** that each party is granted until **July 15, 2016** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 5, 2016.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE